UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 10-21746-CIV-GRAHAM/TORRES

CESAR A. VERGARA, et.al.

    Plaintiffs,

vs.

DAVIS BANCORP, INC., et.al.

    Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiffs' Motion In Limine [D.E. 68].

**THE COURT** has reviewed the motion, the pertinent portions of the record and is otherwise fully advised in the premises.

## BACKGROUND

Plaintiffs Cesar A. Vergara, Julio Cesar Munoz Espitia, Jaime Corredor, Stevens Fernandez, Guillermo Galleano, Nelfi Mora, Leonardo Vellez (collectively Plaintiffs) are couriers who delivered financial instruments for the Defendant Florida Davis, Inc. Plaintiffs assert they were employees of both Florida Davis, Inc. and Defendant Davis Bancorp (collectively "Defendants") and that Defendants failed to pay them overtime compensation as required by the Fair Labor Standards Act ("FLSA"). The Defendants

assert, among other defenses, that the Plaintiffs were independent contractors and therefore not entitled to overtime compensation.

Plaintiffs have motions in limine asking the Court to prohibit any reference to attorney fees, costs and/or liquidated damages during the trial. In addition, Plaintiffs ask the Court to prohibit Defendants from submitting Plaintiffs' tax records or testimony to argue that Plaintiffs are independent contractors as opposed to employees.

## DISCUSSION

### A. Attorneys Fees, Costs and Liquidated Damages

The Court finds any reference to attorneys fees, costs and liquidated damages would have no probative value during the trial as these are issues for the Court to determine post-trial. Accordingly, the motion in limine shall be granted on this issue.

### B. Tax Filing Status

The Court finds that Plaintiffs' tax records and/or tax status are relevant to the determination of whether Plaintiffs are employees or independent contractors. Indeed, one of the factors of the economic realities test is opportunity for profit or loss. Plaintiffs' tax records are relevant in analyzing this factor. See Thibaret v. Bellsouth Telecomm., 612 F.3d 843 (5th Cir. 2010)(referencing Plaintiff's 1099 forms and tax records in determining plaintiffs employment status); Carrell v. Sunland Const., 998 F.2d 330, 333-34 (5th Cir. 1993)(relying on Plaintiff's

tax information to determine one of the factors of the economic realities test). Accordingly, the motion in limine on this issue will be denied.

## CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Plaintiffs' Motion in Limine [D.E. 68] is **GRANTED in PART and DENIED in PART.** Defendants are prohibited from referencing attorneys fees, costs and/or liquidated damages. Defendants, however, are permitted to present evidence relating to Plaintiffs' tax records.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 19th day of November, 2010.

_____
DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: U.S. Magistrate Judge Torres
　　Counsel of Record