UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 10-21746-CIV-GRAHAM-GOODMAN

CESAR A. VERGARA, et al.

    Plaintiffs,

v.

DAVIS BANCORP, INCORPORATED, and
FLORIDA DAVIS, INCORPORATED,

    Defendants.
_____/

## ORDER ON MOTION FOR FEES AND RELATED MOTIONS

On December 17, 2010, Magistrate Judge Edwin G. Torres recused himself from this case and the Clerk reassigned magistrate judge duties to me pursuant to standing administrative orders (DE# 97).  Pursuant to the Order of Reference entered by the District Court on September 10, 2010 (DE# 33), I have jurisdiction over the following motions:

    1.    Plaintiffs' Verified Motion for Attorneys Fees and Costs (DE# 94);

    2.    Plaintiffs' Motion to Compel the Defendants' Counsel's Billing Records (DE# 100); and

    3.    Plaintiffs' Motion to supplement its fees request for work performed since the filing of Defendants' response to the fees and costs motion (DE# 101).

    **1.**    **Motion for Attorneys Fees and Costs**

Under the Local Rules of the Southern District of Florida, a motion for attorneys fees or costs must "be filed within sixty (60) days of the entry of the **final judgment or order** giving rise to the claim."  Local R. S.D. Fla. 7.3(a)(2) (emphasis added).  My review of the docket indicates that the parties settled this case on November 22, 2010, during a settlement conference with Judge Torres.  On December 13, 2010, the parties filed a joint motion for approval of settlement, which settlement agreement was submitted *in camera* to the District Court.  To date, however, the settlement agreement has not been approved and so there is no "final judgment or order giving rise to the claim" for attorneys fees and costs.  As a practical matter, it is also impossible for me to

properly evaluate Plaintiffs' motion because, for instance, I cannot evaluate the appropriateness of fees in light of the results obtained by the litigation since Plaintiffs' counsel has not yet obtained an order from the District Court ratifying the settlement.

Accordingly, Plaintiffs' motion for fees and costs, which is clearly premature, is **denied without prejudice**.  Plaintiffs may renew their motion once the matter becomes ripe, however, Plaintiffs should not request any additional reimbursement for fees and costs incurred as a result of their inattention to Local Rule 7.3(a)(2).

### 2. Motion to Compel Defense Counsel's Billing Records

Even though I am denying the motion for fees and costs without prejudice because it is not yet ripe under Local Rule 7.3(a)(2), I find that the two remaining matters are *not* premature because Defendants have objected to both Plaintiffs' entitlement and to the *amount* of the requested fees.  Because Defendants are challenging these issues, the local rule **required** them to raise their objections now, before the entry of the final judgment or order.  Once Plaintiffs filed their motion for attorneys fees (albeit prematurely), Defendants were obligated to assert any objections (such as to the hourly rate).

Specifically, Local Rule 7.3(a) requires a respondent to interpose objections to a motion for attorneys fees within fourteen (14) days after the filing and service of the motion.  The deadline is absolute.  In other words, there is no exception if the motion (as is the case here) is prematurely filed.

Moreover, Local Rule 7.3(a) also provides that when "a party objects to an hourly rate, its counsel must submit an affidavit giving its firm's hourly rates for the matter and include any contingency, partial contingency, or other arrangements that could change the effective hourly rate."  Defense counsel objected to plaintiffs' counsel's hourly rates, thereby triggering this provision of the Local Rules.  Although it appears that defense counsel, through email, disclosed his billing rate of $375, he did not do so in an affidavit, as required by Rule 7.3(a).  Defense counsel should therefore (within 10 days) submit an affidavit to plaintiffs' counsel complying with Local Rule 7.3(a).

However, defense counsel need not turn over detailed billing records.  The Local Rules do not require an objecting party to turn over billing records, and the Eleventh Circuit does not consider one side's billing records to be particularly relevant in

2

determining appropriate fees for the other side. *Johnson v. University College of Univ. of Ala. in Birmingham*, 706 F.2d 1205, 1208 (11th Cir. 1983). Such disclosure has been held to be relevant only in very unusual or "special" circumstances. *Gaines v. Dougherty County Bd. of Educ.*, 775 F.2d 1565, 1571 n.12 (11th Cir. 1985) (plaintiff's own records were inadequate to assess time worked); *Henson v. Columbus Bank & Trust Co.*, 770 F.2d 1566, 1574-75 (11th Cir. 1985) (disclosure appropriate in decade-long litigation). In *Gaines* and *Henson*, the Eleventh Circuit noted special circumstances and the lack of available evidence in countenancing the disclosure of opposing counsel's records. Based on the current record, I find no special circumstances in this case that can reasonably justify departing from the standard practice in this District to decide fees motions based solely on the records of the party claiming entitlement to the fee.

Plaintiffs' motion for defense counsel's billing records is therefore **granted in part and denied in part**, as described above.

### 3. Motion to Supplement Billing Records

Finally, Plaintiffs' motion to supplement their time records is **granted**. The parties disagree over Plaintiffs' *entitlement* to these additional fees (and to attorneys fees generally in this case). But as a general proposition, parties are entitled to "fees on fees" in federal court whenever fees are awardable. *See Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1301 (11th Cir. 2010). Accordingly, when the time comes for Plaintiffs to renew their motion for attorneys fees, they may include their supplemental time records. Of course, my decision to permit the *inclusion* of these supplemental records in no way prejudices the underlying question of Plaintiffs' *entitlement* to their alleged fees.

DONE and ORDERED in Chambers, at Miami, Florida, on February 14th, 2011.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

<u>Copies furnished to</u>:
Counsel of Record

3